STATE OFFICERS AND EMPLOYEES Under the authority of 74 O.S. 954 [74-954] (1971), departments and agencies of the State of Oklahoma are not prohibited from seeking information from employees and prospective employees regarding race, national origin and sex provided such information is kept for purposes of complying with regulations of the Equal Employment Opportunity Commission. Based on the response of your first question, your second question need be answered only to the extent that it is permissible to inquire about relevant background information necessary to comply with 42 U.S.C.A. 2001(e) 8(c). The Attorney General has considered your request for an opinion wherein you ask, the following questions: "1. Are we absolutely prohibited under 74 O.S. 954 [74-954], from keeping statistics on minority employment? (Even if this information is kept separate from employment and personnel records and is not used to influence hirings, promotions, and terminations ?) " "2. If this information is compiled for the specific purpose of affirmative action and equal opportunity progress and reports, is it permissible to ask an individual applicant or employee their social background when it cannot be readily determined by any other way." Title 74 O.S. 954 [74-954] (1971) provides in part: "It is hereby prohibited for any department or agency of the State of Oklahoma, or any official or employee of the same for and on behalf of the State of Oklahoma: to refuse to employ or to discharge any person, otherwise qualified, on account of race, color, creed, national origin, or ancestry; to discriminate for the same reasons in regard to tenure, terms, or conditions of employment; to deny promotion or increase in compensation solely for these reasons; to publish an offer of employment based on such discrimination; to adopt or enforce any rule or employment policy which so discriminates as to any employee; or to seek such information as to any applicant or employee or to discriminate in the selection of personnel for training solely on such basis. These provisions shall be cumulative and in addition to the provisions of 74 O.S. 818 [74-818] (1961), relating to discrimination in the classified service. "It shall be the duty of the State Personnel Board to investigate, upon its own initiative, upon complaint filed by any aggrieved person, or upon complaint filed by the Human Rights Commission, any violation of this section and to enforce compliance with the same, both in the classified and the nonclassified service. The Human Rights Commission shall investigate, upon its own initiative or on complaint filed with it, any such violation and may file a formal complaint with the State Personnel Board." Under the above cited statute which provides that it shall be cumulative to 74 O.S. 818 [74-818] (1971), the intent of the Legislature is clear. The obvious reasons and intent of the Legislature in enacting 74 O.S. 954 [74-954] were to protect persons applying and persons working for state government from disparate and discriminatory treatment based on race, color, creed, national origin, or ancestry. The duties and responsibilities under 74 O.S. 954 [74-954] are clear to all departments, and agencies of the State of Oklahoma: (1) the selection process, and the standards applied in evaluating prospective employees must be non-discriminatory in its implementation and execution; (2) employees must not receive discriminatory treatment with respect to tenure, terms, or conditions of employment. In your first question, you raise the point of whether you are prohibited by language of 74 O.S. 954 [74-954] from keeping statistics on minority employment. You state in your letter the quandary of not being able to determine how you can meet the necessary requirements for implementation of affirmative action programs and the monitoring of equal employment opportunities goals. The prohibitory language referred to in 74 O.S. 954 [74-954] provides that no department or agency of the State of Oklahoma can "seek such information as to any applicant or employee or to discriminate in the selection of personnel for training solely on such basis . . . ." It must be noted that for reasons of context the complete statutory provision of 74 O.S. 954 [74-954] must be read for legislative purposes, intent, and clarity. When read in its entirety it becomes clear that the overriding and ultimate purpose is to prohibit unlawful employment practices in state employment. The prohibitive language appears to be a safeguard to preclude collecting such information for utilization for discriminatory purposes. The rationale being of course, was to prevent departments, and agencies of the State from collecting such information and using the data to circumvent the ultimate purpose of Section 954. Since the total language of the statute is plain, clear and unambiguous in its effect, and implication, it must be afforded the positive meaning and effect intended by the Legislature. Hines v. Winters, Okl. Cr., 320 P.2d 1114; Watts v. Campbell, Okl. Cr., 450 P.2d 203. To read the prohibitory language as a restriction of collecting the necessary information to obstruct the ultimate purpose of 74 O.S. 954 [74-954], would be to subvert the intent of the Legislature and would effect an absurd result that effectively abrogates the intent of 74 O.S. 954 [74-954]. Also relevant to your first question is Section 709(c) of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. 2000(e) (8) (c). Section 709(c) of Title VII provides in relevant part as follows: "Every employer . . . subject to this subchapter shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, (2) preserve such records for such periods, and (3) make such reports therefrom as the Commission shall prescribe by regulation or order, after public hearing, as reasonable, necessary, or appropriate for the enforcement of this subchapter or the regulations or orders thereunder." It is significant to note that the Equal Employment Opportunity Act of 1972 extended the coverage of Title VII to State and local government employees. Prior to that time, the State was not an employer within the purview of Title VII. Title VII was enacted by Congress to "assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex, or national origin." Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 1017,34 L.Ed.2d 147 (1974). Section 709(c) requires reporting and record keeping by covered employers, and in the case of United States v. State of N.H., 539 F.2d 277 (1976), the Court affirmed a lower court decision upholding the constitutionality of Section 709 (c) and holding further that the State of New Hampshire had failed to file acceptable required reports concerning race, national origin and sex of employees in various job categories and classifications. Section 709(c) as amended by 42 U.S.C.A. 2000(e) — 8(c), which requires record keeping and reporting by State and certain local governmental units to supply information as to race, national origin and sex of employees in various job categories has been upheld to represent reasonable administrative efforts and is a reasonable and proper means of assuring equality of employment opportunity and constitutes appropriate legislation for enforcement of Title VII. United States v. State of N. H., supra. It thus follows that state agencies with equal employment opportunity responsibilities must comply with regulations of Equal Employment Opportunity Com mission requiring such information in order to comply with the law and to assume a coordinated approach to eliminate discriminatory employment practices and the consequences. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative and as follows: Under the authority of 74 O.S. 954 [74-954] (1971), departments and agencies of the State of Oklahoma are not prohibited from seeking information from employees and prospective employees regarding race, national origin and sex provided such information is kept for purposes of complying with regulations of the Equal Employment Opportunity Commission. Based on the response of your first question, your second question need be answered only to the extent that it is permissible to inquire about relevant background information necessary to comply with 42 U.S.C.A. 2001(e)-8(c). (NATHAN J. GIGGER)